NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

2nd Circuit Court-Littleton District Division
No. 2019-0603

THE STATE OF NEW HAMPSHIRE

v.

DAVID ALMEIDA

Argued: January 14, 2021
Opinion Issued: September 29, 2021

Gordon J. MacDonald, attorney general (Daniel E. Will, solicitor general, Benjamin W. Maki, assistant attorney general, and Elizabeth C. Woodcock, assistant attorney general, on the brief, and Elizabeth C. Woodcock orally), for the State.

Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The State appeals an order of the Circuit Court (Mace, J.) granting a motion to suppress the blood alcohol concentration (BAC) test results of the defendant, David Almeida, who is charged with driving under the influence of alcohol. See RSA 265-A:2 (2014). This case presents the question whether the performance of a BAC test on a blood sample, which was drawn by the State with the defendant's valid consent, constitutes a search within the

meaning of Part I, Article 19 of the New Hampshire Constitution or the Fourth Amendment to the United States Constitution. Because we conclude that it is not a search, we reverse and remand.

The following facts are undisputed or are otherwise supported by the record. On April 6, 2019, an officer of the Bethlehem Police Department stopped the defendant on suspicion of driving under the influence of alcohol. The officer administered a field sobriety test and placed the defendant under arrest. After the officer informed the defendant of his administrative license suspension rights, the defendant consented to provide the State with a blood sample to determine his BAC. Shortly thereafter, a blood sample was drawn by the State. The New Hampshire State Forensic Laboratory received the sample, but it did not immediately perform a BAC test.

On April 19, the defendant's counsel sent a letter to inform the State that the defendant had withdrawn his consent to the BAC test, demanded the return of the sample, and designated CG Labs, LLC as the defendant's agent to receive it. On April 24, the president of CG Labs tried to retrieve the sample, but state laboratory personnel refused to relinquish it because it was already logged into the system. The next day, the state laboratory performed a BAC test on the blood sample, revealing that, at the time of the defendant's arrest, his BAC was 0.157 — nearly twice the legal limit. See RSA 265-A:2, I(b).

The defendant was charged with driving under the influence of alcohol in violation of RSA 265-A:2. He filed a motion to suppress the BAC test results, arguing that the State violated his right to be free from an unreasonable search when, after he withdrew consent, it performed a BAC test on his blood sample without a warrant. After a non-evidentiary hearing, the trial court granted the defendant's motion. The trial court reasoned that, because the defendant had a legitimate expectation of privacy "in his blood and in physiological data within it," the BAC test was a search. The trial court also concluded that the defendant withdrew his consent to the search before the State performed the BAC test, and that the search was not justified by any other exception to the warrant requirement. The State filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the State argues, among other things, that the BAC test was not a search within the meaning of Part I, Article 19 of the State Constitution or the Fourth Amendment to the Federal Constitution because the defendant lacked a legitimate expectation of privacy in his BAC. Specifically, the State contends that the defendant lacked a subjective expectation of privacy in his BAC because he voluntarily gave a blood sample to the State, and that he lacked an objectively reasonable expectation of privacy in his BAC because of the reduced expectation of privacy an individual has while driving. The defendant counters that the BAC test was a search because he has "a

2

significant privacy interest in his blood," which contains a "vast amount of personal information" including genetic predispositions, family connections, and private medical facts.  We agree with the State.

When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions de novo.  State v. Bazinet, 170 N.H. 680, 683 (2018).  We first address the State's argument under the State Constitution and rely upon federal law only to aid our analysis.  State v. Ball, 124 N.H. 226, 231-33 (1983).

Part I, Article 19 of the New Hampshire Constitution provides, in relevant part, that "[e]very subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions."  N.H. CONST. pt. I, art. 19.  Because the constitution protects individuals only from unreasonable searches within the meaning of Part I, Article 19, we must first determine whether the challenged governmental conduct is a search.  See In re Anthony F., 163 N.H. 163, 165-66 (2012).  Here, the defendant concedes that the State lawfully withdrew the blood sample with his consent.  Therefore, the narrow question before us is whether, under these circumstances, the BAC test constituted a search.

In order to determine whether a governmental intrusion constitutes a search within the meaning of Part I, Article 19, we ask: (1) whether the defendant exhibited a subjective expectation of privacy; and (2) whether that expectation is one that society is prepared to recognize as reasonable.  See Bazinet, 170 N.H. at 684; see also State v. Goss, 150 N.H. 46, 48-49 (2003).  Because we conclude that society is not prepared to recognize as reasonable an expectation of privacy in the defendant's BAC, we need not decide whether he had a subjective expectation of privacy.  See State v. Davis, 161 N.H. 292, 295-96 (2010).

The defendant argues that his expectation of privacy is objectively reasonable because blood contains a "vast amount of personal information."  See Birchfield v. North Dakota, 136 S. Ct. 2160, 2178 (2016) ("[A] blood test . . . places in the hands of law enforcement authorities a sample that can be preserved and from which it is possible to extract information beyond a simple BAC reading.").  We are not persuaded by this argument because it implicates the broad issue of whether a person has a reasonable expectation of privacy in all physiological information contained in his or her blood.  Because there is no evidence in the record that the State tested the defendant's blood sample for anything other than BAC, this is not a case in which the State performed broad biological testing that "would present additional privacy concerns not present here."  Maryland v. King, 569 U.S. 435, 464-65 (2013) (holding that DNA test did not violate Fourth Amendment, in part, because, even if analysis could reveal private facts, the test administered

3

was not capable of revealing them).  Today we decide only the narrow issue of whether, under these circumstances, the defendant had an expectation of privacy in his BAC that society is prepared to recognize as reasonable.

This is not the first time we have considered whether a driver charged with driving under the influence of alcohol has an objectively reasonable expectation of privacy in his or her BAC.  See Bazinet, 170 N.H. at 686; Davis, 161 N.H. at 295-98.  Indeed, these cases establish that the defendant in this case did not have an objectively reasonable expectation of privacy in his BAC.

In Davis, the defendant was taken to the hospital after driving a vehicle into a tree.  Davis, 161 N.H. at 293-94.  Upon receiving information that the defendant was apparently intoxicated, a police officer asked the defendant to submit to a BAC test under the Implied Consent Law.  Id. at 294; see also RSA 265-A:4 (Supp. 2020).  The defendant refused.  Davis, 161 N.H. at 294.  However, as part of the defendant's medical treatment, the hospital withdrew a blood sample and performed a BAC test.  Id.  The defendant was subsequently charged with driving under the influence of alcohol.  Id.  Without a warrant, and in reliance on an exception to the physician-patient privilege in RSA 329:26, the officer obtained the defendant's BAC test results from the hospital.  Id.  We concluded that the State's acquisition of the defendant's BAC test results did not constitute a search within the meaning of Part I, Article 19.  Id. at 298-99.  We determined that society was not prepared to recognize as reasonable an expectation of privacy in BAC test results that were obtained in the course of consensual medical treatment and were sought by law enforcement officials in connection with an investigation of driving under the influence of alcohol.  Id. at 295-98.

Similarly, in Bazinet, the defendant was taken to the hospital after crashing his car while driving under the influence of alcohol.  Bazinet, 170 N.H. at 682.  The defendant was transported to the hospital while unconscious, and the hospital drew several vials of blood.  Id.  Before the hospital performed tests on the defendant's blood samples, a police officer obtained several of them from the hospital without a warrant in reliance on RSA 329:26, and the State performed a BAC test on the samples.  Id. at 682-83.  In determining whether the defendant had an objectively reasonable expectation of privacy in his BAC, we clarified our holding in Davis by explaining that the defendant's actual consent to medical treatment was irrelevant as long as the blood sample was obtained without state action and for purposes of diagnosis or treatment in connection with the incident giving rise to the investigation of the defendant for driving under the influence of alcohol.  Id. at 686.  We also concluded that the State's performance of the BAC test did not constitute a search because it was irrelevant "[w]hether or not the [BAC] test was performed by the hospital or the State on the already drawn blood sample."  Id.

4

Although these cases arose in the context of hospital blood draws, that setting was not dispositive in our expectation of privacy analysis. In both Davis and Bazinet, we concluded that, because an individual has a diminished expectation of privacy while driving, society does not recognize a reasonable expectation of privacy in the BAC of a defendant. Id. at 685; Davis, 161 N.H. at 297. Indeed, a driver's expectation of privacy is especially diminished with respect to his or her BAC because the legislature has enacted numerous laws designed to promote the disclosure of a motorist's BAC when he or she is suspected of intoxicated driving. See RSA 265-A:4-:16 (2014 & Supp. 2020); RSA 329:26 (2017) (exempting BAC test results and blood samples collected for purposes of diagnosis or treatment in connection with incident giving rise to investigation of intoxicated driving from physician-patient privilege); see also State v. Mfataneza, 172 N.H. 166, 169 (2019) (noting that Implied Consent Law "aid[s] the prosecution of the guilty and the protection of the innocent"). We recognized in Davis that these statutes, although not dispositive, are evidence of societal expectations. See Davis, 161 N.H. at 297.

The Implied Consent Law provides that any person who "drives or attempts to drive a vehicle upon the ways of this state" shall "be deemed to have given consent to" a blood, urine, or breath test, "if arrested for any offense arising out of acts alleged to have been committed while the person was driving . . . under the influence of intoxicating liquor" or "while having an alcohol concentration in excess of the statutory limits." RSA 265-A:4. We recognized in Davis that this statute, among others, "reflect[s] the societal belief that when people drive, they encounter a diminished expectation of privacy." Davis, 161 N.H. at 297 (quotation omitted); see also RSA 329:26. The reasoning that we employed in Davis and Bazinet applies with equal force here. Just as the State's performance of a BAC test on a sample lawfully obtained from a third-party hospital did not constitute a search in Bazinet, the State's performance of a BAC test on a sample lawfully obtained with the defendant's consent is not a search. Bazinet, 170 N.H. at 686.

The defendant argues that the Implied Consent Law "recognizes [a] person's continuing interest in a withdrawn blood sample," because it requires the State to obtain a sufficient quantity of blood for a private test and mandates that the sample be preserved for that purpose for a reasonable amount of time after the State has completed testing. RSA 265-A:7, II (Supp. 2020). The statutory scheme, however, does not require the State to relinquish the entire sample upon the defendant's request, and it does not contemplate a constitutionally protected privacy interest in the portion of the blood sample that is retained by the State. See RSA 265-A:4-:16. Accordingly, we reject the defendant's argument that RSA 265-A:7, II gives rise to a reasonable expectation of privacy in his BAC.

For the foregoing reasons, we conclude that the defendant did not have an expectation of privacy in his BAC that society is prepared to recognize as

5

reasonable. We are not the first court to reach this conclusion. Courts in other jurisdictions, under nearly identical circumstances, have determined that drivers suspected of driving while intoxicated have no reasonable expectation of privacy in their BAC. See State v. Randall, 930 N.W.2d 223, 239 (Wis. 2019) ("[A] defendant arrested for intoxicated driving has no privacy interest in the amount of alcohol in [his or her lawfully drawn blood] sample."); People v. Woodard, 909 N.W.2d 299, 310 (Mich. Ct. App. 2017) ("[O]nce police procured a sample of [the] defendant's blood pursuant to her consent, she had no reasonable expectation of privacy in the [BAC] of that sample . . . .").

Therefore, we hold that the BAC test of the defendant's blood sample was not a search within the meaning of Part I, Article 19. The Federal Constitution offers the defendant no greater protection than the State Constitution under these circumstances. See United States v. Jacobsen, 466 U.S. 109, 122-23 (1984) (holding that a chemical test was not a search because it could reveal no information in which the defendant had a legitimate expectation of privacy). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

Reversed and remanded.


HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

6